1  Marc Aaron Goldbach (SBN 139318)
   Goldbach Law Group
2  111 W. Ocean Blvd., Suite 400
3  Long Beach, CA 90802
   562-696-0582
4  888-771-5425
   marc.goldbach@goldbachlaw.com
5
6  Attorney for Debtor, Otha La Vonne Beverly

7
             UNITED STATES BANKRUPTCY COURT
8
9               CENTRAL DISTRICT OF CALIFORNIA

10                LOS ANGELES DIVISION

11

12

13 IN RE:                                    Case No.: 2:24-BK-12552-WB
14
15     OTHA LA VONNE BEVERLY,
16                              CHAPTER 13
17         DEBTOR.
18                            HON. JULIA W. BRAND
19
20                        NOTICE OF MOTION.AND MOTION IN
                       SUPPORT
21                        FOR RECONSIDERATION OF THE
                       COURT'S FEBRAURY 11, 2025
22                        TENTATIVE RULING ON THE MOTION
                       FOR RELIEF FROM THE AUTOMATIC
23                        STAY FILED BY DEUTSCHE BANK
                       TRSUT COMPANYAMERICAS
24
25                        FEDERAL RULE OF CIVIL PROCEDURE
                       60(B)
26

27 NOTICE OF MOTION.AND MOTION IN SUPPORT FOR RECONSIDERATION OF THE COURT'S
   FEBRAURY 11, 2025 TENTATIVE RULING ON THE MOTION FOR RELIEF FROM THE AUTOMATIC
28 STAY FILED BY DEUTSCHE BANK TRSUT COMPANYAMERICASFEDERAL RULE OF CIVIL
   PROCEDURE 60(B) - 1

TO HON, JULIA W. BRAND AND TOALL PARTIES AND THEIR

ATTORNEYS OF RECORD:

Please take notice that Debtor, Otha La Vonne Beverly will and does move for a

motion for reconsideration by this Court of this Court's February 11, 2025 Tentative Ruling

(See Docket # 41, attached as Exhibit A.

Debtor makes this motion pursuant to Federal Rule of Civil Procedure 60(b), on

the grounds of mistake, inadvertence, surprise or excusable neglect, misrepresentation or

misconduct by Movant Deutsche Bank, and other reasons that justify immediate relief.

Debtor moves for a motion for reconsideration because:

Prior to January 7, 2025 hearing on the motion for relief from stay, Debtor's counsel

notified Chapter 13 Trustee Attorney Sean O'Hair, and Movant Deutsche Bank counsel Sean

Ferry that Debtor had gotten current on her mortgage delinquency prior to the hearing , and that

Debtor was agreeable to a stay-current consent agreement. In the motion for relief from the

automatic stay filed with the court (Docket # 41) Movant declared that no foreclosure sale was

scheduled.

The January 7, 2025 hearing was continued to February 11, 2025. On January 6, 2025

Debtor's counsel provided the Chapter 13 Trustee and Movant Deutsche Bank's counsel, proof

of payment of all mortgage delinquencies, and confirmation of her ACH payment. Debtor's

counsel requested that the Chapter 13 Trustee attorney Sean O'Hair and Movant Deutsche

Bank's counsel Sean Ferry advise the court that Debtor was current on her mortgage payments,

and that counsel had agreed in principal to a stay-current consent agreement, and resolution of all

NOTICE OF MOTION.AND MOTION IN SUPPORT FOR RECONSIDERATION OF THE COURT'S
FEBRAURY 11, 2025 TENTATIVE RULING ON THE MOTION FOR RELIEF FROM THE AUTOMATIC
STAY FILED BY DEUTSCHE BANK TRSUT COMPANYAMERICASFEDERAL RULE OF CIVIL
PROCEDURE 60(B) - 2

1   issues pertaining to the motion for relief from stay, and that Debtor's counsel would not be

2   appearing at the hearing on the motion for relief from stay, due to the fact that he was home

3   recovering from surgery , and that the issues raised in said motion for relief had been resolved

4
    and that the automatic stay should continue in full force and effect.
5

6       However, on 02/11/2025 this court issued a tentative ruling granting the motion for relief

7   from stay on grounds Debtor is alleged to have failed to pay 5 post-petition mortgage payments,

8   when in fact Debtor had become current on her mortgage payments prior to the hearing, and that

9
    Debtor had agreed with Movant Deutsche Bank's attorney in principle to a stay-current consent
10
    agreement.  The Court in its tentative ruling required Movant Deutsche Bank to upload an
11

12  appropriate order via the Court's LOU system which Movant has failed to do, thus there is no

13  order that has been ordered, so technically the automatic stay is still in effect.

14      A voluntary petition under Chapter 13 was filed on 04/03/2024.  A plan was confirmed

15  on 08/12/2024.  All post-petition mortgage payments due on the note secured by a deed of trust
16
    on the property were made by Debtor to Movant Deutsche Bank prior to the hearing originally
17

18  scheduled for January 7, 2025.  Movant Deutsche Bank, through its counsel Sean Ferry was

19  provided confirmation of Debtor's ACH payment of all post-petition mortgage payments prior to

20  the hearing, including $9,467 for 9/1/2024. 10/01/2024, 11/01/2024 and 12/01/2024.  As of

21
    02/11/2025 no foreclosure sale date had been scheduled.
22

23      Further, Debtor did not have a chance to fully and fairly address everything at the hearing

24  on February 11, 2025, no order has been lodged with the court, or entered by the court lifting the

25  stay, so Debtor argues that the automatic stay is still in effect and Debtor is now facing

26  homelessness and loss of considerable equity through an illegal and wrongful foreclosure

27  NOTICE OF MOTION.AND MOTION IN SUPPORT FOR RECONSIDERATION OF THE COURT'S
    FEBRAURY 11, 2025 TENTATIVE RULING ON THE MOTION FOR RELIEF FROM THE AUTOMATIC
28  STAY FILED BY DEUTSCHE BANK TRSUT COMPANYAMERICASFEDERAL RULE OF CIVIL
    PROCEDURE 60(B) - 3

wherein Debtor's house is alleged to have been sold at foreclosure auction sometime in March,

2025. Debtor and Debtor's counsel have only just learned of this purported sale when Debtor

tried to make her current mortgage payment and was shocked and surprised to hear that her home

had been sold and illegally and wrongfully auctioned off despite being current on her post-

petition mortgage delinquency and despite a proposed stay-current consent. agreement amongst

counsel which resolved all issues raised in the motion for relief from stay, and the fact that is

appears the automatic stay is still in force and effect since no order has been lodged with the

Court per the Court's 02/11/2025 tentative ruling. Debtor and Debtor's counsel understand that

no transfer of deed has taken place thus this emergency filing.

A motion for reconsideration of an Order on any motion or application may be made only

on the grounds of (a) a material difference in fact or law from that presented to the Court that, in

exercise of reasonable diligence, could not have been known to the party moving for

reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a

change of law occurring after the Order was entered, or (c) a manifest showing of a failure to

consider material facts presented to the court before the Order was entered. No motion for

reconsideration may in any manner repeat any oral or written argument made in support of, or in

opposition to, the original motion. Absent good cause shown, any motion for reconsideration

must be filed no later than 14 days after entry of the Order that is the subject of the motion or

application.

Debtor argues that this Court was not made aware by Chapter 13 Trustee attorney Sean

O'Hair or Movant Deutsche Bank counsel Sean Ferry at the 02/11/2025 hearing that

approximately a month prior to the 02/11/2025 hearing on the motion for relief from stay Debtor

NOTICE OF MOTION.AND MOTION IN SUPPORT FOR RECONSIDERATION OF THE COURT'S
FEBRAURY 11, 2025 TENTATIVE RULING ON THE MOTION FOR RELIEF FROM THE AUTOMATIC
STAY FILED BY DEUTSCHE BANK TRSUT COMPANYAMERICASFEDERAL RULE OF CIVIL
PROCEDURE 60(B) - 4

had reinstated the loan and cured all default by tendering $9,467.00 in certified funds, the entire amount due at the time payment was tendered as shown in the motion for relief from stay, that Debtor had agreed to a proposed stay-current consent agreement, and that all issues raised in the motion for relief from stay had been resolved.  At no time following the 02/11/2025 was Debtor or Debtor's counsel ever notified or contacted in anyway by Mr. O'Hair or Mr. Ferry with notice of any further mortgage payment delinquency or that there was a new March 2025 foreclosure sale date.  Unfortunately the Court was not aware of any of these facts at the time of either the 01/07/2025 or 02/11/2025 hearings.

Debtor files this motion for reconsideration and requests the Court reconsider its February 11, 2025 tentative ruling and ultimately order that the automatic stay be reinstated and continued in full force and effect, and prevent a manifest injustice by voiding or setting aside any illegal and wrongful foreclosure sale.

This motion is based upon this Notice, the Declaration of Marc Aaron Goldbach in Support of this Motion for Reconsideration, the pleadings on file in this case, any other pleadings filed regarding this motion and any and all oral argument and any and all evidence admitted at any hearing of this motion.

NOTICE OF MOTION.AND MOTION IN SUPPORT FOR RECONSIDERATION OF THE COURT'S FEBRAURY 11, 2025 TENTATIVE RULING ON THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY DEUTSCHE BANK TRSUT COMPANYAMERICASFEDERAL RULE OF CIVIL PROCEDURE 60(B) - 5

1  DATED:  April 9, 2025

2

3                              Respectfully Submitted

4

5                              GOLDBACH LAW GROUP

6

7

8                              /S/ MARC AARON GOLDBACH

9                              _____

10                             MARC AARON GOLDBACH
                               ATTORNEY FOR DEBTOR
11                             OTHA LA VONNE BEVERLY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  NOTICE OF MOTION.AND MOTION IN SUPPORT FOR RECONSIDERATION OF THE COURT'S
    FEBRAURY 11, 2025 TENTATIVE RULING ON THE MOTION FOR RELIEF FROM THE AUTOMATIC
28  STAY FILED BY DEUTSCHE BANK TRSUT COMPANYAMERICASFEDERAL RULE OF CIVIL
    PROCEDURE 60(B) - 6

**DECLARATION OF MARC AARON GOLDBACH IN SUPPORT OF MOTION FOR**

**RECONSIDERATION**

I, Marc Aaron Goldbach, in support of Debtor's Motion for Reconsideration, declare as follows:

1. I am legal counsel for the Debtor, Otha La Vonne Beverly, and hereby declare that:

2. The facts set forth herein are personally known to me to be true, and if called as a witness herein, I could and would competently testify thereto.

3. I am an attorney at law licensed to practice in the State of California and am attorney of record for Debtor herein.

4. Attached as Exhibit 1 is a true and correct copy of this Court's Tentative Ruling dated February 11, 2025 on the subject Motion for Relief From The Automatic Stay.

5. Attached as Exhibit 2 is a true and correct copy of the Notice of Motion and Motion for Relief From the Automatic Stay filed on December 13. 2024.

6. Debtor makes this motion pursuant to Federal Rule of Civil Procedure 60(b), on the grounds of mistake, inadvertence, surprise or excusable

neglect, misrepresentation or misconduct by Movant Deutsche Bank, and

other reasons that justify immediate relief.

7.  Debtor moves for a motion for reconsideration because:

Prior to January 7, 2025 hearing on the motion for relief from stay, I

notified Chapter 13 Trustee Attorney Sean O'Hair, and Movant Deutsche

Bank counsel Sean Ferry that Debtor had gotten current on her mortgage

delinquency prior to the hearing , and that Debtor was agreeable to a

stay-current consent agreement.  In the motion for relief from the

automatic stay filed with the court (Docket # 41) Movant declared that no

foreclosure sale was scheduled.

8.  The January 7, 2025 hearing was continued to February 11, 2025.  On

January 6, 2025,  I provided the Chapter 13 Trustee and Movant

Deutsche Bank's counsel, proof of payment of all mortgage

delinquencies, and confirmation of her ACH payment.  I requested that

the Chapter 13 Trustee attorney Sean O'Hair and Movant Deutsche

Bank's counsel Sean Ferry advise the court that Debtor was current on

her mortgage payments, and that I agreed in principle to a stay-current

consent agreement, and resolution of all issues pertaining to the motion

for relief from stay, and that I would not be appearing at the hearing on

the motion for relief from stay, due to the fact that I am home recovering

from two surgeries , and that the issues raised in said motion for relief

had been resolved and that the automatic stay should continue in full

force and effect.

9.    However, on 02/11/2025 this court issued a tentative ruling granting

the motion for relief from stay on grounds Debtor is alleged to have

failed to pay 5 post-petition mortgage payments, when in fact Debtor had

become current on her mortgage payments prior to the hearing, and that I,

on behalf of Debtor, agreed with Movant Deutsche Bank's attorney in

principle to a stay-current consent agreement.  The Court in its tentative

ruling required Movant Deutsche Bank to upload an appropriate order via

the Court's LOU system which Movant has failed to do, thus there is no

order that has been entered, so technically the automatic stay is still in

effect.

10.    A voluntary petition under Chapter 13 was filed on 04/03/2024.  A

plan was confirmed on 08/12/2024.  All post-petition mortgage payments

due on the note secured by a deed of trust on the property were made by

Debtor to Movant Deutsche Bank prior to the hearing originally

scheduled for January 7, 2025.  Movant Deutsche Bank, through its

NOTICE OF MOTION.AND MOTION IN SUPPORT FOR RECONSIDERATION OF THE COURT'S
FEBRAURY 11, 2025 TENTATIVE RULING ON THE MOTION FOR RELIEF FROM THE AUTOMATIC
STAY FILED BY DEUTSCHE BANK TRSUT COMPANYAMERICASFEDERAL RULE OF CIVIL
PROCEDURE 60(B) - 9

counsel Sean Ferry was provided confirmation of Debtor's ACH

payment of all post-petition mortgage payments prior to the hearing,

including $9,467 for 9/1/2024. 10/01/2024, 11/01/2024 and 12/01/2024.

As of 02/11/2025 no foreclosure sale date had been scheduled.

11.    Further, neither Debtor nor I, had a chance to fully and fairly address

everything at the hearing on February 11, 2025, no order has been lodged

with the court, or entered by the court lifting the stay, so I argue that the

automatic stay is still in effect and Debtor is now facing homelessness

and loss of considerable equity through an illegal and wrongful

foreclosure wherein Debtor's house is alleged to have been sold at

foreclosure auction sometime in March, 2025.  Debtor and I have only

just learned of this purported sale when Debtor tried to make her current

mortgage payment and was shocked and surprised to hear that her home

had been sold and illegally and wrongfully auctioned off despite being

current on her post-petition mortgage delinquency and despite a proposed

stay-current consent. agreement amongst counsel which resolved all

issues raised in the motion for relief from stay, and the fact that it appears

the automatic stay is still in force and effect since no order has been

lodged with the Court per the Court's 02/11/2025 tentative ruling.

NOTICE OF MOTION.AND MOTION IN SUPPORT FOR RECONSIDERATION OF THE COURT'S
FEBRAURY 11, 2025 TENTATIVE RULING ON THE MOTION FOR RELIEF FROM THE AUTOMATIC
STAY FILED BY DEUTSCHE BANK TRSUT COMPANYAMERICASFEDERAL RULE OF CIVIL
PROCEDURE 60(B) - 10

12.  I understand that no transfer of deed has taken place thus this emergency filing.

13.    A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the court before the Order was entered.  No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.  Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application.

14.    I argue that this Court was not made aware by Chapter 13 Trustee attorney Sean O'Hair or Movant Deutsche Bank counsel Sean Ferry at the 02/11/2025 hearing that approximately a month prior to the 02/11/2025 hearing on the motion for relief from stay Debtor had

NOTICE OF MOTION.AND MOTION IN SUPPORT FOR RECONSIDERATION OF THE COURT'S FEBRARURY 11, 2025 TENTATIVE RULING ON THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY DEUTSCHE BANK TRSUT COMPANYAMERICASFEDERAL RULE OF CIVIL PROCEDURE 60(B) - 11

reinstated the loan and cured all default by tendering $9,467.00 in

certified funds, the entire amount due at the time payment was tendered

as shown in the motion for relief from stay, that I, on behalf of Debtor,

had agreed to a proposed stay-current consent agreement, and that all

issues raised in the motion for relief from stay had been resolved.  At no

time following the 02/11/2025 was Debtor or I ever notified or contacted

in anyway by Mr. O'Hair or Mr. Ferry with notice of any further

mortgage payment delinquency or that there was a new March 2025

foreclosure sale date.  Unfortunately the Court was not aware of any of

these facts at the time of either the 01/07/2025 or 02/11/2025 hearings.

15. Debtor files this motion for reconsideration and requests the Court

reconsider its February 11, 2025 tentative ruling and ultimately order that

the automatic stay be reinstated and continued in full force and effect,

and prevent a manifest injustice by voiding or setting aside any illegal

and wrongful foreclosure sale.

16. I am home recovering from two total hip replacement surgeries and so was

unable to attend the February 11, 2025 hearing in person, nor did I believe I

needed to appear in light of fact that counsel had resolved all issues raised in

the motion for relief from automatic stay, that Debtor was current on her

NOTICE OF MOTION.AND MOTION IN SUPPORT FOR RECONSIDERATION OF THE COURT'S
FEBRAURY 11, 2025 TENTATIVE RULING ON THE MOTION FOR RELIEF FROM THE AUTOMATIC
STAY FILED BY DEUTSCHE BANK TRSUT COMPANYAMERICASFEDERAL RULE OF CIVIL
PROCEDURE 60(B) - 12

1    mortgage payments, and that I had agreed with counsel to a proposed stay-

2
3    current consent agreement, and that I had informed counsel of being home

4    recovering from surgery.

5
6
7    I declare under penalty of perjury that the foregoing is true and correct.

8    Dated:  April 09, 2025

9
10
11   *Marc A. Holdbah*
12
13   _____

14   Marc Aaron Goldbach, Declarant

15
16
17
18
19
20
21
22
23
24
25
26
27   NOTICE OF MOTION.AND MOTION IN SUPPORT FOR RECONSIDERATION OF THE COURT'S
     FEBRAURY 11, 2025 TENTATIVE RULING ON THE MOTION FOR RELIEF FROM THE AUTOMATIC
28   STAY FILED BY DEUTSCHE BANK TRSUT COMPANYAMERICASFEDERAL RULE OF CIVIL
     PROCEDURE 60(B) - 13

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Julia Brand, Presiding
### Courtroom 1375 Calendar

---

**Tuesday, February 11, 2025**                                      **Hearing Room    1375**

---

<u>10:00 AM</u>
**2:24-12552    Otha La Vonne Beverly**                                      **Chapter 13**

#10.00    Motion for relief from the automatic stay [RP]

DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR
RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-BACKED
PASS- THROUGH CERTIFICATES, SERIES 2006-QS6
V
DEBTOR

fr. 1-7-25

Docket    41

**Tentative Ruling:**

ALL PARTIES MAY APPEAR VIA ZOOMGOV. IN-PERSON
APPEARANCES ARE NOT REQUIRED.

No opposition was filed.

The motion is GRANTED pursuant to 11 U.S.C. § 362(d)(1) to permit
movant, its successors, transferees and assigns, to enforce its remedies to
repossess or otherwise obtain possession and dispose of its collateral
pursuant to applicable law, and to use the proceeds from its disposition to
satisfy its claim. Movant may not pursue any deficiency claim against the
debtor or property of the estate except by filing a proof of claim pursuant to 11
U.S.C. § 501. Movant is secured by a deed of trust encumbering the debtor's
residence. The debtor has failed to pay 5 post-petition payments. This is
cause to terminate the automatic stay.  See Ellis v. Parr (In re Ellis), 60 B.R.
432, 434-35 (9th Cir. BAP 1985).  **Appearances waived**.

The 14-day period specified in FRBP 4001(a)(3) is waived. The stay
having been terminated as to the debtor and no opposition having been filed
by the codebtor, movant is granted relief as to any codebtor on the note
pursuant to 11 U.S.C. § 1301(d). **All other relief is denied.**

---

Case 2:24-bk-12552-WB    Doc 46    Filed 02/11/25    Entered 02/11/25 19:53:09    Desc
                 Main Document    Page 15 of 25

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Julia Brand, Presiding
### Courtroom 1375 Calendar

---

**Tuesday, February 11, 2025**                                    **Hearing Room    1375**

---

<u>10:00 AM</u>
**CONT...**      **Otha La Vonne Beverly**                                    **Chapter 13**
            The movant shall upload an appropriate order via the Court's LOU
    system.

| Party Information |
|---|

**Debtor(s):**

    Otha La Vonne Beverly                    Represented By
                                             Marc A Goldbach

**Movant(s):**

    Deutsche Bank Trust Company          Represented By
                                               Dane W Exnowski
                                               Sean C Ferry

**Trustee(s):**

    Nancy K Curry (TR)                       Pro Se

---

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Sean C. Ferry (SBN 310347)<br>sferry@raslg.com<br>ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP<br>1 Park Plaza, Suite 600<br>Irvine, CA 92614<br>Telephone: (470) 321-7112 | |
| ☐ Movant appearing without an attorney<br>☒ Attorney for Movant | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>Otha La Vonne Beverly,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:24-bk-12552-WB<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| | DATE: January 7, 2025<br>TIME: 10:00 AM<br>COURTROOM: 1375 |

**Movant:** Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS6

1. **Hearing Location:**

   ☒ 255 East Temple Street, Los Angeles, CA 90012    ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☒ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   a. Address:

   > *Street address*: 2381 Magnolia Avenue,
   > *Unit/suite number*:
   > *City, state, zip code*: Long Beach, CA 90806

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit __A__ ):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on (*date*) __04/03/2024__ .

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13  was entered on (*date*) _____.

   c. ☒ A plan, if any, was confirmed on (*date*) __08/12/2024__ .

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

   (1) ☐ Movant's interest in the Property is not adequately protected.

      (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

      (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

      (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

   (2) ☐ The bankruptcy case was filed in bad faith.

      (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

      (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

      (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

      (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

      (E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition.  Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

      (F) ☐ Other (*see attached continuation page*).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                        Page 3                              F 4001-1.RFS.RP.MOTION

**Movant requests the following relief:**

1.  Relief from the stay is granted under:   ☒ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3).

2.  ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3.  ☒ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4.  ☐ Confirmation that there is no stay in effect.

5.  ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

6.  ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

7.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8.  ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
    ☐ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

9.  ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:
    ☐ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

13. ☒ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date: _12/13/2024_

Robertson, Anschutz, Schneid & Crane LLP
_____
Printed name of law firm *(if applicable)*
_Sean C. Ferry_
_____
Printed name of Individual Movant or attorney for Movant
/s/ Sean C. Ferry
_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                                    Page 5                            F 4001-1.RFS.RP.MOTION

5. Type of property (*check all applicable boxes*):

    a. ☒ Debtor's principal residence        b. ☐ Other residence
    c. ☐ Multi-unit residential              d. ☐ Commercial
    e. ☐ Industrial                     f. ☐ Vacant land
    g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

    a. ☒ Sole owner   Debtor aka  Lavonne O. Beverly

    b. ☐ Co-owner(s) (*specify*):

    c. ☐ Lienholder (*specify*):

    d. ☐ Other (*specify*):

    e. ☒ The Debtor ☒ did ☐ did not  list the Property in the Debtor's schedules.

    f. ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed.
        The deed was recorded on (*date*) _____.

7. Movant holds a   ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____
    that encumbers the Property.

    a. ☒ A true and correct copy of the document as recorded is attached as Exhibit _A___.

    b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
        attached as Exhibit _A___.

    c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
        trust to Movant is attached as Exhibit _A___.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ 223,110.51 |
| b. | Accrued interest: | $ | $ | $ 13,152.20 |
| c. | Late charges | $ | $ | $ 373.96 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ 6,682.84 |
| e. | Advances (property taxes, insurance): | $ | $ | $ 4,825.03 |
| f. | Less suspense account or partial balance paid: | $[      ] | $[      ] | $ [ 2,426.31 ] |
| g. | TOTAL CLAIM as of (*date*):  October 23, 2024 | $ | $ | $ 245,718.23 |

    h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

    a. Notice of default recorded on (*date*) _09/27/2023_ or ☐ none recorded.

    b. Notice of sale recorded on (*date*) _02/27/2024_ or ☐ none recorded.

    c. Foreclosure sale originally scheduled for (*date*) _04/11/2024_ or ☐ none scheduled.

    d. Foreclosure sale currently scheduled for (*date*) _____ or ☒ none scheduled.

    e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

    f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*                      Page 7                    **F 4001-1.RFS.RP.MOTION**

i.  ☐  Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j.  ☐  The fair market value of the Property is declining because:


12. ☒  *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

a.  A 341(a) meeting of creditors is currently scheduled for *(or concluded on)* the following date: 05/16/2024 .
A plan confirmation hearing currently scheduled for (or concluded on) the following date: 07/10/2024 .
A plan was confirmed on the following date *(if applicable)*: 08/12/2024 .

b.  Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| 1 | N/A | $ 2,366.91 | $ 2,366.91 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c.  Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| 2 | N/A | $ 2,366.91 | $ 4,733.82 |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d.  Postpetition advances or other charges due but unpaid:                    $ 950.00
*(For details of type and amount, see Exhibit _____)*

e.  Attorneys' fees and costs:                                               $ 0.00
*(For details of type and amount, see Exhibit _____)*

f.  Less suspense account or partial paid balance:                          $[ 2,332.04 ]

TOTAL POSTPETITION DELINQUENCY:                  $ 5,718.69

g.  Future payments due by time of anticipated hearing date *(if applicable)*: _____
An additional payment of $ 2,366.91 _____ will come due on  11/01/2024 , and on
the  1st  day of each month thereafter. If the payment is not received by the  N/A  day of the month, a late
charge of $N/A _____ will be charged to the loan.

h.  Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how
applied *(if applicable)*:
$ 2,366.91 _____    received on *(date)* 08/28/2024
$ 2,366.91 _____    received on *(date)* 07/10/2024
$ 2,366.91 _____    received on *(date)* 06/20/2024

i.  ☐  The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent.
A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or
13 trustee regarding receipt of payments under the plan *(attach LBR form F 4001-1.DEC.AGENT.TRUSTEE).*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/13/2024 | Diego Rojas, Contract Management Coordinator | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                      Page 11                                      F 4001-1.RFS.RP.MOTION

<u>**CONTINUATION PAGE TO REAL PROPERTY DECLARATION**</u>

I, ___Diego Rojas_____, declare under penalty of
perjury as follows:

1.    I am employed as a ___Contract Management Coordinator_____ of PHH Mortgage Corporation,
and am authorized to sign this declaration on behalf of PHH Mortgage Corporation as
servicer for Deutsche Bank Trust Company Americas, as Trustee for Residential
Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series
2006-QS6 (the "Movant"). This declaration is provided in support of the Motion for
Relief from Stay (the "Motion") filed contemporaneously herewith.

2.    I make this declaration based upon my review of the records with regard to
this underlying loan transaction, which are kept in the ordinary course of
business of PHH Mortgage Corporation. As part of my job responsibilities for PHH
Mortgage Corporation, I have personal knowledge of and am familiar with the types of
records maintained by PHH Mortgage Corporation in connection with the loan that
is the subject of the Motion (the "Loan") and the procedures for creating those types
of records.   I have access to and have reviewed the books, records and files of PHH
Mortgage Corporation, that pertain to the Loan and extensions of credit given to
Debtor(s) concerning the property securing such Loan.

SPACE INTENTIONALLY LEFT BLANK

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Sean C. Ferry (SBN 310347)<br>sferry@raslg.com<br>ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP<br>1 Park Plaza, Suite 600<br>Irvine, CA 92614<br>Telephone: (470) 321-7112<br><br>[ ] *Movant appearing without an attorney*<br><br>[X] *Attorney for Movant* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| In re:<br><br>Otha La Vonne Beverly,<br>                    Debtor(s). | CASE NO.: 2:24-bk-12552-WB<br><br>CHAPTER: 13<br><br>**RIGHT TO FORECLOSE STATEMENT** |
|---|---|

**Movant:** Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS6

PHH Mortgage Corporation services the underlying mortgage loan and note for the property referenced in this Motion for Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS6 (hereinafter, "noteholder") and is entitled to proceed accordingly. Should the Automatic Stay be lifted and/or set aside by Order of this Court or if this case is dismissed or if the Debtor obtains a discharge and a foreclosure action is commenced or recommenced, said foreclosure action will be conducted in the name of the noteholder.  The noteholder has the right to foreclose because noteholder is the original mortgagee or beneficiary or assignee of the security instrument for the referenced loan.  Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

Case 2:24-bk-12552-WB   Doc 47   Filed 04/09/25   Entered 04/09/25 01:15:17   Desc
Main Document    Page 24 of 25

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
111 W. OCEAN BLVD., SUITE 400, LONG BEACH, CA 90802

A true and correct copy of the foregoing document entitled (*specify*): <u>MOTION FOR RECONSIDERATION</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) __04/09/2025__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.
Hon. Julia W. Brand
U.S. Bsankruptcy Court
255 E. Temple Street, Suite 1382
L.A., CA 90012

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 04/09/2025 | Marc Aaron Goldbach | /s/ Marc Aaron Goldbach |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                      **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
973-2
Case 2:24-bk-12552-WB
Central District of California
Los Angeles
Tue Sep  3 08:40:19 PDT 2024

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

Capital One Auto Finance, a division of Capi
4515 N. Santa Fe Ave., Dept. APS
Oklahoma City, OK 73118-7901

Caine and Weber Co Inc
5805 Sepulveda Blvd
4th Floor
Van Nuys, CA 91411-2532

Deutsche Bank Trust Company Americas
Robertson, Anschutz, Schneid, Crane & Pa
13010 Morris Road,  Suite 450
Alpharetta, GA 30004-2001

Capital One
PO Box 31293
Salt Lake City, UT 84131-0293

Capital One Auto Finance
PO Box 259407
Plano, TX 75025-9407

Capital One Auto Finance, a division of Capi
c/o AIS Portfolio Services, LLC
4515 N. Santa Fe Ave., Dept. APS
Oklahoma City OK 73118-7901

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

Credit Collection Services
725 Canton St
Norwood, MA 02062-2679

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS-A340
PO BOX 2952
SACRAMENTO CA  95812-2952

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

NHV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Navient
123 Justison Street
Wilmington, DE 19801-5363

Navient Solutions, LLC.
220 Lasley Ave
Wilkes-Barre, PA 18706-1430

PHH MORTGAGE CORPORATION
ATTN:BANKRUPTCY DEPARTMENT
PO BOX 24605
WEST PALM BEACH FL 33416-4605

PHH Mortgage Services
PO Box 24738
West Palm Beach, FL 33416-4738

Pinnacle Credit Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

United States Trustee (LA)
915 Wilshire Blvd,  Suite 1850
Los Angeles, CA 90017-3560

Marc A Goldbach
Goldbach Law Group
111 West Ocean Boulevard
Suite 400
Long Beach, CA 90802-4633

Nancy K Curry (TR)
1000 Wilshire Blvd., Suite 870
Los Angeles, CA 90017-2466

Etha La Vonne Baverly
1361 Magnolia Ave
Long Beach, CA 90806-4221

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Jefferson Capital Systems LLC
PO Box 7999
Saint Cloud MN 56302

End of Label Matrix
Mailable recipients     21
Bypassed recipients      0
Total                   21